# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

PETER A GENZONE, on behalf of himself and all others similarly situated,

Plaintiff/Petitioner,

-against-

Index No.: 609243/2021

CLIENT SERVICES, INC, and JOHN AND JANE DOES 1-10

Defendant/Respondent.

**NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646- 386-3033;e-mail:efile@nycourts.gov).

Dated: 5/18/21

/s/ Simon Goldenberg

Signature

Simon Goldenberg, Esq
Name

Law Office of Simon Goldenberg, PLLC
Firm Name

818 East 16th Street
Address

Brooklyn, NY 11230
City, State, and Zip

347-640-4357
Phone

support@goldenbergfirm.com
E-Mail

To: CLIENT SERVICES, INC
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 1227-2543

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
------------------------------------------------------------------X

PETER A GENZONE, on behalf of himself and all others similarly situated,

Plaintiff,

v.

CLIENT SERVICES, INC. and
JOHN AND JANE DOES 1-10,

Defendants.

------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates
QUEENS COUNTY
as the place of trial

The basis of the venue is
Plaintiff's residence

To the above-named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

FILED: SUFFOLK COUNTY CLERK 05/17/2021 02:39 PM INDEX NO. 609243/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 05/17/2021

Dated: May 14, 2021

*s/Simon Goldenberg*
Simon Goldenberg

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

*Attorneys for Plaintiff,* PETER A GENZONE

Page **2** of **18**

2 of 18

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
------------------------------------------------------------------X

PETER A GENZONE, on behalf of himself and all others similarly situated,

Plaintiff,

Index No.:

v.

CLIENT SERVICES, INC.
and JOHN AND JANE DOES 1-10,

Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

------------------------------------------------------------------X

This action is brought by Plaintiff, PETER A GENZONE, ("GENZONE" or "Plaintiff") against Defendants, CLIENT SERVICES, INC. ("CSI") and JOHN AND JANE DOES 1-10 ("DOES"), based on the following:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendants, when attempting to collect an alleged debt from him, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p).

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a

list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

8. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

9. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

10. Plaintiff seeks such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

11. GENZONE is a natural person who at all times relevant to this lawsuit was a citizen of, and resided in, the City of Jamaica, SUFFOLK County, New York.

12. CSI is a for-profit foreign business corporation formed under the laws of Missouri.

13. CSI'S principal executive office is located at 3451 Harry S Truman Blvd., Saint Charles, MO 63301.

14. DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

## III. JURISDICTION & VENUE

15. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d).

16. The Court has personal jurisdiction over Defendant pursuant to CPLR 301 and CPLR 302(a)(1) because Defendant transacts business within the state.

17. Venue is appropriate in SUFFOLK County pursuant to CPLR 503 and 509 because Plaintiff resides in SUFFOLK County.

## IV. FACTS RELATING TO DEFENDANT

18. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

19. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015).

20. CSI possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt collection Agency". (DCA License #2076846, 207850, and 2076851)

21. Upon information and belief, CSI regularly engages in the collection or attempted collection of defaulted consumer debts owed to others.

22. CSI is a business, the principal purpose of which is the collection of defaulted consumer debts.

23. In attempting to collect debts, CSI uses instruments of interstate commerce such as the mails, telephone, and the internet.

24. Defendant CSI is a "debt collector" as defined by 15 U.S.C 1692a(6) of the FDCPA.

25. On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of CSI that are the subject of this Complaint. DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by CSI and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

## V. FACTS RELATING TO PLAINTIFF

26. CSI mailed, or caused to be mailed, three letters dated May 18, 2021 (the "Letters") to GENZONE.

27. A true and correct copy of the Letters is attached as ***Exhibit A***, except that portions of the Letters are redacted.

28. On information and belief, the Letters were mailed on or after the Letters's date.

29. Each of the Letters concerned outstanding debts owed to JPMorgan Chase Bank, N.A., accounts respectively ending in ending in # 1720, # 5882, and # 2896 (the "Debts").

30. The Debts were placed with CSI for purposes of collection.

31. The Debts arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

32. Each of the Letters inclues an emboldened and fully capatalized heading stating "SETTLEMENT OFFER".

33. Each of the Letters offered GENZONE a settlement option.

34. Each of the Letters state "This offer is valid until 6/7/2020."

35. Each of the Letters also state "We are not obligated to renew this offer."

36. Through the use of its Letters, CSI created a sense of urgency characteristic of one-time take-it-or-leave-it settlement offers by requiring an offer to be accepted only by its receipt of a payment and fixing the deadline for payment just twenty-one days after the date of the Letters.

37. With the Letters being mailed on May 18, 2020, or sometime thereafter, and the deadline for CSI to receive payment by June 7, 2020, GENZONE had less then 21 days within which to accept any of the offers discounting the amount of the debts, thereby creating a sense of urgency which could lead the least sophisticated consumer into making a decisions about when to pay the Debts which would not have been made has the Letters not created the sense of urgency.

38. The short deadlines to accept the offers and the statements "We are not obligated to renew this offer" are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of business sales, and other temporary discounts which are false, deceptive, and misleading because they cause the unsophisticated consumer to think that if the payment of the

reduced amount is not paid by the deadline, there will be no further chance to settle the Debts for less than the full amount.

39. The statement, "[w]e are not obligated to renew this offer" is materially false, deceptive and misleading because CSI is *always* obligated by the creditor to renew the offers stated in the Letters.

40. In fact, CSI would have honored the acceptance of the offered settlements if payments were made at anytime while the Debt was placed with CSI for collection. In addition, during the time when the Debt was placed with CSI for collection, CSI was obligated to renew the settlement offers either as stated in the Letters or on terms more favorable to GENZONE.

41. CSI Letters created a false sense of urgency which could materially effect the financial decisions of the least sophisticated consumer and misrepresented that it was not obligated to renew the settlement offers.

42. CSI'S statements that "we are not obligated to renew this offer" were materially false, deceptive, and misleading, because they influence the least sophisticated consumer's decision to accept one of the offers out of fear that they might not be renewed.

43. CSI intended to give the false impression that if the consumer does not pay the settlement offer by the deadline, the consumer might have no further recourse to settle their debt for the settlement offers provided.

44. Upon information and belief, JP Morgan Chase Bank, N.A. did not put any limitations on the ability of CSI to renew such settlement offers.

45. CSI's false statements that it was "not obligated to renew any offers provided" were materially false, deceptive, and misleading because they influence the least sophisticated consumer's decision to promptly pay the Debts, instead of first disputing them or prioritizing

payment of other debts, because delayed payments would result in potentially losing the ability to accept the settlement offers at a later date.

46. CSI's Letters created a false sense of urgency and fear which could materially affect the financial decisions of the least sophisticated consumer.

47. The Letters deprived GENZONE of truthful, material, non-misleading information in connection with CSI'S attempt to collect a debt.

48. These violations by CSI were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

49. CSI'S collection efforts with respect to the Debts caused GENZONE to suffer concrete and particularized harm because the FDCPA provides GENZONE with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

50. As a result of the Defendant's conduct, Plaintiff has sustained an injury-in-fact by being the target of Defendant's unfair and deceptive debt collection practices, and actual damages include, but not are not limited to: nervousness; confusion; fear; worry; fright; and shock.

51. As a result of the above violations of the FDCPA, the Defendants are liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## VI. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

52. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

53. CSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

54. DOES are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

55. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

56. GENZONE is a "consumer" as defined by 15 U.S.C. § 1692a(3).

57. ***Exhibit A*** is a "communication" as defined by 15 U.S.C. § 1692a(2).

58. The use and mailing of ***Exhibit A*** by CSI violated the FDCPA in one or more following ways:

(1) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

(2) Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

(3) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10); and

(4) Using unfair means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

## VII. CAUSE OF ACTION FOR VIOLATION OF NEW YORK GENERAL BUSINESS LAW SECTION 349

59. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

60. NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service of this state.

61. At all times material to this complaint, Defendants' deceptive acts and practices that gave rise to the claims herein occurred while Defendants conducted its business

of collecting consumer debts. Deceptive acts and practices in the context of consumer-debt collection is a recognizable cause of action.

62. Across New York State, NYGBL § 349 has been found broad enough to include debt collection and other post-sale acts, and several courts have applied the statute to debt collection.

63. Defendants owed a duty to plaintiff to effectuate its collection of plaintiff's alleged debt with reasonable care and without deception.

64. Defendants breached its duty to collect plaintiff's debt with reasonable care and without deception.

65. CSI's misleading tactics and false representations within their Letters are deceptive acts and practices.

66. Said deceptive acts and practices were committed by CSI in the conduct of a business, trade, or commerce or the furnishing of a service in the State of New York and constitutes a violation of NYGBL § 349.

67. The conduct complained of in this complaint occurred during, and in furtherance of, Defendants' for-profit business enterprise of pursuing consumers for alleged defaulted debt obligation.

68. Defendants' acts and practices have been directed entirely at consumers. Defendants' acts and practices have a broad impact on the New York consuming public and the courts of the State of New York.

69. Defendants' collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

70. Defendants' offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of state and federal rights and protections. These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

71. The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL § 349 and the case law interpreting it.

72. Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL § 349.

73. Additionally, the CSI is vicariously liable for the actions of their agents.

74. Upon receipt of defendant's collection letter plaintiff was surprised, confused, frustrated, and upset..

75. Defendant violated NYGBL § 349(a) by the sending of its deceptive Letters to plaintiff and is liable to plaintiff under NYGBL § 349(h).

76. As a result of the violations, Plaintiff suffered actual damages as set forth in this Complaint.

77. As a result of these violations of NYGBL § 349, the plaintiff is entitled to an injunction barring Defendants from engaging in deceptive acts and practices, and to recover damages in an amount to be determined at the time of trial, plus costs, and reasonable attorney's fees pursuant to NYGBL § 349(h).

## VIII. CLASS ALLEGATIONS

78. The Letters is a form letter. Specifically, the Letters was created by merging electronically-stored information specific to the Debt (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letterss.

79. CSI'S conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, both individually and on behalf of similarly situated individuals, pursuant to NY CLS CPLR § 901.

80. ***Class Definition.*** Plaintiff seeks to certify a Class.The Class is defined as:

> All natural persons to whom CSI mailed a written communication in the form of ***Exhibit A*** to a New York address during the Class Period beginning on May 18, 2020 and ending on May 31, 2021 where: (1) the letter contained an offer to settle a debt for less than the full balance; (2) the stated offer(s) contain a deadline for the settlement payment and; (3) the letter included the statement "we are not obligated to renew this offer."

81. Class members' identities are readily ascertainable from CSI'S business records.

82. ***Class Claims.*** The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from CSI having sent a written communication in the same form as the Letterss in ***Exhibit A.***

83. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of NY CLS CPLR § 901because there is a well-defined community interest in the litigation:

(a) ***Numerosity.*** On information and belief, the Class are so numerous that joinder of all members would be impractical and includes at least 40 members.

(b) ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual Class members because those questions concern the same conduct by Defendant with respect to each Class member.

(c) ***Typicality.*** The claims of Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

(d) ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of the Class members insofar as he has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

84. Certification of a class under NY CLS CPLR § 901 is appropriate in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

85. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of Class size and net worth), Plaintiff may seek class certification: (a) only as to particular issues as permitted under NY CLS CPLR § 906, (b) using a modified definition of the Class, or the claims of the Class; and (c) a different Class Period.

## IX. PRAYER FOR RELIEF

86. WHEREFORE, Plaintiff demands judgment against CSI. Specifically, Plaintiff requests entry of an Order:

(1) Certifying that this action may be maintained as a class action pursuant to NY CLS CPLR § 901 including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

(2) Awarding an incentive award to Plaintiff for his services on behalf of the Class;

(3) Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2);

(4) Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(5) Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff, a sum sufficient to ameliorate such consequences;

(6) Award actual damages in an amount to be determined at trial;

(7) Awarding Plaintiff compensatory damages and enjoining defendant from committing further deceptive acts and practices towards plaintiff, pursuant to NYGBL § 349;

(8) Costs, and reasonable attorney's fees pursuant to NYGBL § 349(h)

(9) Providing for such other and further relief as may be just and proper.

## X. JURY DEMAND

87. Trial by jury is demanded on all issues so triable.

FILED: SUFFOLK COUNTY CLERK 05/17/2021 02:39 PM INDEX NO. 609243/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 05/17/2021

Dated: May 14, 2021

*s/Simon Goldenberg*
Simon Goldenberg

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

*Attorneys for Plaintiff, PETER A GENZONE*

To:
CLIENT SERVICES, INC.
3451 Harry S Truman Blvd., Saint Charles, MO 63301

Page **17** of **18**

17 of 18

FILED: SUFFOLK COUNTY CLERK 05/17/2021 02:39 PM INDEX NO. 609243/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 05/17/2021

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
---------------------------------------------------------------------X

PETER A GENZONE, on behalf of himself and all others similarly situated,

Index No.:

Plaintiff,

v.

CLIENT SERVICES, INC. and JOHN AND JANE DOES 1-10,

Defendants.

---------------------------------------------------------------------X

SUMMONS AND COMPLAINT

Law Office of Simon Goldenberg PLLC

Attorney(s) for
PETER A GENZONE
Plaintiff

818 East 16th Street
Brooklyn, NY 11230
(347) 640- 4357

Page **18** of **18**

18 of 18

FILED: SUFFOLK COUNTY CLERK 05/17/2021 02:39 PM INDEX NO. 609243/2021

NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 05/17/2021

# EXHIBIT A

Client Services Incorporated
3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

RE: JP MORGAN CHASE BANK, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX1720
BALANCE DUE: $7,399.59
REFERENCE NUMBER: [redacted]

PHONE: 877-288-9903

DATE: 5/18/2020

## SETTLEMENT OFFER

We are offering you a settlement amount of $1,628.00, to settle this JP MORGAN CHASE BANK, N.A. account for less than the balance due. This offer is valid until 6/7/2020. If payment in full of the settlement amount is not received in our office by this date, this offer will be withdrawn and will be deemed null and void. We are not obligated to renew this offer. If you are unable to pay the settlement amount in full by this due date, please contact our office for alternative payment options which may be available to you.

We look forward to working with you in resolving this matter.

Howell Goldstein

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE, PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

| | | | |
|---|---|---|---|
| | Send your payment in the enclosed envelope using the remittance coupon below. | | Online: www.csiconsumercenter.com |
| | Pay-by-Phone: 1-877-552-5905 | | If you are unable to pay the balance in full, contact our office at 877-288-9903 for payment options, which may be available to you. |

PO Box 1586
Saint Peters, MO 63376

REFERENCE NUMBER
AMOUNT ENCLOSED

**Checks Payable To: Client Services, Inc.**

REMIT TO:

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
ST. CHARLES MO 63301-4047

PETER A GENZONE

117611-835-CHASESO3

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

**COLORADO**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Club Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (Phone: 720-287-8650)

**KANSAS**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MASSACHUSETTS**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

**NEW YORK CITY**
New York City Department of Consumer Affairs License Number: 2076846, 2076850, 2076851

**NORTH CAROLINA**
3451 Harry S Truman Blvd. Saint Charles, MO 63301-4047; Permit Number: 113653
Do not send payments or correspondence to the below branch locations:
14425 College Blvd. Ste. 170 Lenexa, KS 66215; Permit Number: 113652
Eurocenter Diursa, Bldg 1, 2nd Floor, Barreal de Heredia, Frente a Ceneda, Heredia, Costa Rica; Permit Number: 113662

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

client SERVICES INCORPORATED

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-9903

RE: JP MORGAN CHASE BANK, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX5882
BALANCE DUE: $1,287.57
REFERENCE NUMBER: [redacted]

DATE: 5/18/2020

**SETTLEMENT OFFER**

We are offering you a settlement amount of $213.00, to settle this JP MORGAN CHASE BANK, N.A. account for less than the balance due. This offer is valid until 6/7/2020. If payment in full of the settlement amount is not received in our office by this date, this offer will be withdrawn and will be deemed null and void. We are not obligated to renew this offer. If you are unable to pay the settlement amount in full by this due date, please contact our office for alternative payment options which may be available to you.

We look forward to working with you in resolving this matter.

Howell Goldstein

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE, PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

| | | | |
|---|---|---|---|
|  | Send your payment in the enclosed envelope using the remittance coupon below. |  | Online: www.csiconsumercenter.com |
|  | Pay-by-Phone: 1-877-552-5905 |  | If you are unable to pay the balance in full, contact our office at 877-288-9903 for payment options, which may be available to you. |

PO Box 1586
Saint Peters, MO 63376

| REFERENCE NUMBER | [redacted] |
|---|---|
| AMOUNT ENCLOSED | |

**Checks Payable To: Client Services, Inc.**

**REMIT TO:**

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
ST. CHARLES MO 63301-4047

PETER A GENZONE
[redacted]

0040 01571

117611-834-CHASESO3

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

**COLORADO**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Club Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (Phone: 720-287-8650)

**KANSAS**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MASSACHUSETTS**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

**NEW YORK CITY**
New York City Department of Consumer Affairs License Number: 2076846, 2076850, 2076851

**NORTH CAROLINA**
3451 Harry S Truman Blvd. Saint Charles, MO 63301-4047; Permit Number: 113653
Do not send payments or correspondence to the below branch locations:
14425 College Blvd. Ste. 170 Lenexa, KS 66215; Permit Number: 113652
Eurocenter Diursa, Bldg 1, 2nd Floor, Barreal de Heredia, Frente a Ceneda, Heredia, Costa Rica; Permit Number: 113662

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

FILED: SUFFOLK COUNTY CLERK 05/17/2021 02:39 PM INDEX NO. 609243/2021
NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 05/17/2021

client SERVICES INCORPORATED

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-9903

DATE: 5/18/2020

RE: JP MORGAN CHASE BANK, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX2896
BALANCE DUE: $851.02
REFERENCE NUMBER: [redacted]

## SETTLEMENT OFFER

We are offering you a settlement amount of $141.00, to settle this JP MORGAN CHASE BANK, N.A. account for less than the balance due. This offer is valid until 6/7/2020. If payment in full of the settlement amount is not received in our office by this date, this offer will be withdrawn and will be deemed null and void. We are not obligated to renew this offer. If you are unable to pay the settlement amount in full by this due date, please contact our office for alternative payment options which may be available to you.

We look forward to working with you in resolving this matter.

Howell Goldstein

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE, PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

| | | | |
|---|---|---|---|
|  | Send your payment in the enclosed envelope using the remittance coupon below. | | Online: www.csiconsumercenter.com |
| | Pay-by-Phone: 1-877-552-5905 |  | If you are unable to pay the balance in full, contact our office at 877-288-9903 for payment options, which may be available to you. |

PO Box 1586
Saint Peters, MO 63376

| | |
|---|---|
| REFERENCE NUMBER | [redacted] |
| AMOUNT ENCLOSED | |

**Checks Payable To: Client Services, Inc.**

PETER A GENZONE
830 PECONIC AVE
WEST BABYLON NY 11704-5622

REMIT TO:

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
ST. CHARLES MO 63301-4047

117611-836-CHASESO3

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

**COLORADO**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Club Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (Phone: 720-287-8650)

**KANSAS**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MASSACHUSETTS**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

**NEW YORK CITY**
New York City Department of Consumer Affairs License Number: 2076846, 2076850, 2076851

**NORTH CAROLINA**
3451 Harry S Truman Blvd. Saint Charles, MO 63301-4047; Permit Number: 113653
Do not send payments or correspondence to the below branch locations:
14425 College Blvd. Ste. 170 Lenexa, KS 66215; Permit Number: 113652
Eurocenter Diursa, Bldg 1, 2nd Floor, Barreal de Heredia, Frente a Ceneda, Heredia, Costa Rica; Permit Number: 113662

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.